IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

WALTER SMITH,

        Plaintiff,

v.

BETH LIND, et al.,

        Defendants.

OPINION AND ORDER

14-cv-796-slc

In this court's October 24, 2016 order (dkt. 36) on defendants' May 3, 2016 motion to dismiss (dkt. 16), I permitted *pro se* plaintiff Walter Smith to proceed on five claims related to the adequacy of Ramadan meal bags, the availability of proper foods for the Eid-ul-Fitr feast, the adequacy of the halal diet, and the availability of Islamic services and study groups.

The defendants promptly filed a motion to dismiss most–but not all–of Smith's remaining claims on exhaustion grounds (dkt. 39). Defendants seek dismissal of all of the claims except for the halal diet claim because: (1) Smith failed to file the required DOC-2075 form prior to submitting his grievances related to these claims, and (2) the 2008 Eid-ul-Fitr feast claim is untimely. *Id.* I am granting this motion as to the Islamic services and study group and 2008 Eid-ul-Fitr feast claims, but denying it as to the Ramadan meal bag and 2009 Eid-ul-Fitr claims.

Also, this lawsuit currently is set for jury selection and trial on July 17, 2017 trial, but in light of the dismissal motions, that will have to be moved back. I am striking the remaining dates and setting a telephonic conference to reschedule this case.

1

BACKGROUND

I.   **DOC 2075 Form**

An inmate seeking new or additional religious practices or property items that are not currently offered at his facility of assignment must file a form DOC-2075. (*See* dkt. 41-1.) That form instructs inmates that:

> If you want to start a new religious practice activity that is not offered at the facility now [and] that involves other offenders, affects your physical appearance or [affects] the operation of the facility, you need to complete this form and send it to the Chaplain/Superintendent requesting permission as required by DOC 309.61, Wis. Admin. Code.

*Id*.

Requests made pursuant to a form DOC-2075 are directed to the unit chaplain or his designee. The chaplain may make a recommendation to his supervisor, which is then forwarded to the Religious Practice Advisory Committee ("RPAC") Executive Committee. The RPAC Executive Committee considers the recommendation, and the warden makes the final decision on the request. Denials pertaining to DOC-2075 requests must be appealed to the Inmate Complaint Review System ("ICRS").

II.  **Ramadan Meal Bag**

Smith claims that the Ramadan meal bags made him sick because they are cold and unhealthy, in violation of his First and Eighth Amendment rights and the Religious Land Use and Institutionalized Persons Act ("RLUIPA"), 42 U.S.C. § 2000cc-2(b). While he did not submit any DOC-2075 forms requesting a change in the meal bags, Smith did file inmate complaints that the Ramadan meal bags were making him sick in 2008, 2009, 2010, and 2011.

2

ICE received Smith's 2008 complaint on November 18, 2008. (WCI-2008-29818, dkts. 25-14, 42-1.) This complaint was dismissed because HSU staff did not believe that the meal bags were causing Smith's symptoms and because the Chaplain indicated that Smith need not follow Ramadan's fasting requirement due to medical issues. (Dkt. 25-20.) Smith appealed that decision, which was also dismissed. (Dkts. 25-20, 25-21.)

Smith filed the same complaint in 2009. (WCI-2009-22173, dkt. 46-2.) ICE rejected it on the ground that his complaint had been addressed in Smith's previous inmate complaint on the issue, WCI-2007-29446. (Dkt. 46-2.) The rejection directed Smith to contact HSU with his medical issues. Smith requested review of the rejection, and that was denied.

Smith submitted the same complaint in 2010. (WCI-2010-17684, dkt. 46-4.) ICE received it on August 25, 2010, and again rejected it on the ground that his 2007 complaint addressed this issue by directing him to contact HSU with his medical issues. (*Id.* at 2.) Smith again requested review, which was denied.

Smith filed the same complaint in 2011. (WCI-2011-18197, dkt. 46-7.) This time, it was rejected in part on the basis that his 2007 complaint addressed the issue, and in part because Ramadan does not require a hot meal, prison lacked the staff to serve a hot meal, and the Chaplain had indicated that Ramadan is a choice that can be skipped for medical reasons. (*Id.* at 2.) Smith requested review, and it was also denied.

III.     **Eid-ul-Fitr Feast**

Smith claims that the current accommodations with respect to the Eid-ul-Fitr feast are insufficient and is proceeding on First Amendment and RLUIPA claims. In 2008, Smith filed

3

a group complaint about the Eid-ul-Fitr feast foods, which ICE rejected on timeliness grounds. (WCI-2008-27231, dkt. 46-8; dkt. 42-2.) The rejection comment noted that Smith submitted a request for special foods for the feast on August 27, 2008, which was denied on September 8, 2008, but ICE did not receive the complaint until October 17, 2008. ICE rejected it as untimely because it was filed beyond the 14-day time limit and Smith did not provide good cause to extend the deadline. The warden affirmed that decision.

Smith filed a similar complaint in 2009. (WCI-2009-23171, dkt. 46-9, at 1.) It was dismissed because the program director and Chaplain decided to send the regular meal for the celebratory feast, and Smith's request for review and appeal were both dismissed. (*Id.* at 2-7.)

## IV. Islamic Services and Study Groups

Smith claims that the current accommodations with respect to the prohibition on inmate-led Islamic services and study groups violate his rights under the First Amendment and RLUIPA. In 2009 he filed an inmate complaint on this issue. (WCI-2009-22169, dkt. 46-10.) The records indicate that ICE initially returned the complaint to Smith and directed him to program director Sandra Hautamaki to attempt to resolve the issue. (*Id.* at 2.) Instead, Smith re-filed his complaint, and ICE dismissed it for refusing to follow a directive from ICE to contact supervisory staff, which "is an element of the ICRS process geared at resolving issues." (*Id.*) Smith filed a request for review, arguing that contacting Hautamaki would have been fruitless, but his request was rejected and his complaint was dismissed. (*Id.* at 3-7.)

OPINION

Under 42 U.S.C. § 1997e(a), "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." Generally, to comply with § 1997e(a), a prisoner must "properly take each step within the administrative process," *Pozo v. McCaughtry*, 286 F.3d 1022, 1025 (7th Cir. 2002). This includes following instructions for filing the initial grievance, *Cannon v. Washington*, 418 F.3d 714, 718 (7th Cir. 2005), as well as filing all necessary appeals, *Burrell v. Powers*, 431 F.3d 282, 284-85 (7th Cir. 2005), "in the place, and at the time, the prison's administrative rules require." *Pozo*, 286 F.3d at 1025.

The purpose of these requirements is to give the prison administrators a fair opportunity to resolve the grievance without litigation. *Woodford v. Ngo*, 548 U.S. 81, 88-89 (2006). If a prisoner fails to exhaust his administrative remedies before filing his lawsuit, then the court must dismiss the case. *Perez v. Wisconsin Dept. of Corr.*, 182 F.3d 532, 535 (7th Cir. 1999). Because exhaustion is an affirmative defense, defendants bear the burden of establishing that plaintiff failed to exhaust. *Jones v. Bock*, 549 U.S. 199, 216 (2007).

To exhaust administrative remedies in Wisconsin, inmates must follow the inmate complaint review process set forth in the Wisconsin Administrative Code ch. DOC 310. Under these provisions, prisoners start the complaint process by filing an inmate complaint with the institution complaint examiner within 14 days after the occurrence giving rise to the complaint. Wis. Admin. Code § DOC 310.09(6). The 14-day deadline can be waived for extended for good cause. *Id.* If the institution complaint examiner makes a recommendation that the complaint

5

be granted or dismissed on its merits, then the appropriate reviewing authority may dismiss, affirm or return the complaint for further investigation. *Id.* § 310.12. If an inmate disagrees with the decision of the reviewing authority, then he may appeal. *Id.* § 310.13. If the institution complaint examiner rejects a grievance for procedural reasons without addressing the merits, an inmate may appeal the rejection. *Id.* § 310.11(6).

Defendants concede that Smith properly exhausted his claim related to the halal diet. They seek dismissal of claims related to the Ramadan meal bags, Eid-ul-Fitr feast, and availability of Islamic services and study groups on the ground that Smith failed to submit the required form DOC 2075 before complaining about them. Defendants additionally seek dismissal of the Eid-ul-Fitr feast on the alternative ground of timeliness. I will address each argument in turn.

I. DOC-2075

Defendants argue that because Smith failed to submit a DOC-2075 for his Ramadan meal bag, feast food, and prayer and study groups claims, he did not properly exhaust those claims. In support, Defendants' lean heavily on the court's exhaustion line of reasoning in *Schlemm v. Frank*, No. 11-CV-272-wmc, 2014 WL 2591879, at *7-9 (W.D. Wis. June 10, 2014), *aff'd in part, rev'd in part*, 784 F.3d 362 (7th Cir. 2015). In *Schlemm*, the court dismissed certain claims on exhaustion grounds, reasoning that Schlemm failed to submit a DOC-2075 with respect to those claims and thus did not permit the RPAC to review his requests:

> By deliberately bypassing the DOC-2075 process in this case, Schlemm deprived prison officials of the opportunity to respond meaningfully to his requests .... Allowing for administrative investigation and resolution of Schlemm's requests in response to a DOC-2075 form will facilitate adjudication in the future, if necessary, in the event that such a request is made and a properly exhausted claim reaches federal court.

*Id.* at *9.  The Court of Appeals for the Seventh Circuit affirmed this decision without adding to the district court's analysis.  *Schlemm v. Wall*, 784 F.3d 362, 363 (7th Cir. 2015). Accordingly, defendants claim that all three of these claims are barred on exhaustion grounds. Although I do not agree that the *Schlemm* decision creates the bright-line rule defendants suggest, I do agree with defendants that dismissal is appropriate with respect to Smith's Islamic prayer service and study group claim.

The problem with the *Schlemm* decision is that the record in that case is unclear.  When the court initially addressed the exhaustion issue, it denied defendants' motion for summary judgment because at that stage in the lawsuit, the defendants had established only that Schlemm had not submitted a DOC-2075 form for certain claims, and it appeared that he had attempted to submit grievances through the ICRS on those claims.  2013 WL 5442293, at *2-3 (W.D. Wis. Sept. 30, 2013).  The court reasoned:

> [I]f Schlemm filed ICRS grievances about the issues and they were addressed on the merits, it does not matter whether he ever filed a DOC-2075 about those issues.  On the other hand, if Schlemm's grievances about those issues were rejected as failing to comply with DOC procedures, and Schlemm failed to cure the defects, he has not properly exhausted his administrative remedies.

*Id.* at 2 (citation omitted).  When defendants later moved for summary judgment on the merits, it appears that they abandoned the exhaustion claim:

> Schlemm did present several offender complaints regarding his religious claims through the ICRS ....  ***Thus, the defendants cannot, in good faith, pursue an exhaustion defense based upon Schlemm's ICRS complaints.***

Case No. 11-cv-272-wmc, dkt. #44, at 2 (filed Oct. 15, 2013) (emphasis in original).  The court nonetheless took up the exhaustion issue again, concluding that Schlemm did not properly exhaust those claims.  2014 WL 2591879, at *8-9.  In reversing itself, the court emphasized that

the "RPAC is not directly involved in responding to ICRS grievances," and stated that there was "no DOC-2075, ICRS grievance or other administrative response to Schlemm's request" so the claims "were not processed in compliance with procedures that were developed for the express purpose of determining how best to accommodate" his claims. *Id.* at *8. The court's mention of the absence of not just DOC-2075, but also an ICRS grievance or any "other administrative response," suggests that it was the *complete* absence of any evidence establishing that the prison responded to Schlemm's claims that convinced the court that the claims were not properly exhausted. Yet that conclusion belies defendants' concession that Schlemm had, in fact, submitted complaints through the ICRS.

Although the Seventh Circuit affirmed that exhaustion analysis, given the conflict between the defendants' concession and the court's reasoning, I am not persuaded that I am bound to dismiss all three of Smith's claims. Rather, I conclude that my analysis must align with the requirements set forth in *Maddox v. Love*, 655 F.3d 709, 721 (7th Cir. 2011). In that case, the defendants sought dismissal on exhaustion grounds because an inmate failed to name the defendants or describe them in a grievance. The court disagreed with the defendants, holding that because the inmate followed the applicable three-step grievance process and prison officials never indicated that it was procedurally deficient, he properly exhausted. *Id.* at 722. The court reasoned that "where prison officials address an inmate's grievance on the merits without rejecting it on procedural grounds, the grievance has served its function of alerting the state and inviting corrective action, and defendant's cannot rely on the failure to exhaust defense." *Id.*

Here, Smith failed to submit a DOC-2075 as to the Ramadan meal bag, Eid-ul-Fitr fest and Islamic prayer services claims, but he filed ICRS grievances for each, and pursued requests

8

for review and appeals in each. As to the Ramadan meal bag and 2009 Eid-ul-Fitr feast claims specifically, when ICE rejected Smith's grievances, it never did so on procedural grounds. Rather, it gave substantive reasons. In fact, as described above, ICE's response indicated that the Chaplain gave his opinion as to the proper resolution of the grievance with respect to each of those claims. While the Chaplain's opinion may not equate with warden's decision that the RPAC vetted, the involvement of prison personnel who specialize in religious affairs illustrates that the prison had the chance to address the merits of Smith's grievances regarding the Ramadan meal bags and the 2009 Eid-ul-Fitr claim.[1] And the fact that Smith submitted a DOC-2075 regarding his halal diet claim does not change this result, it simply shows that Smith knew that the form was a method available to inmates to seeking religious accommodations. Given that the *Maddox* and *Schlemm* decisions both recognize the importance of giving prison administrators the opportunity to address the merits of inmate claims, Smith's grievances as to the Ramadan meal bags and 2009 Eid-ul-Fitr feast appear sufficient to satisfy the exhaustion requirement.

Smith's Islamic prayer service and study group grievance is a different matter. Unlike the other grievances, no prison official addressed the merits of it. As described above, Smith flat-out refused to follow an ICE directive to work with Hautamaki, so ICE dismissed it for his failure to follow ICRS procedures. Therefore, not only did the RPAC lose the chance to opine on this

---

[1] Moreover, at least as to Smith's claims related to his Ramadan meal bags, it is arguable that DOC-2075 is not necessary. Smith's complaints about the meal bags were not simply that he needed a religious accommodation, he was complaining that the meal bags were making him ill. Although these grievances certainly stem from Smith's religious practices, he was also reporting severe medical issues. Given that DOC-2075 directs prisoners to submit the form whenever they "want to start a new religious practice activity," and does not address what inmates should do when a current practice is affecting their health, Smith's Ramadan meal bag claims may actually be beyond the scope of that form.

claim, so did the ICRS and *any* prison staff that are familiar with these issues and in a position to make or request a change. As such, I agree with defendants that Smith failed to exhaust this claim and will dismiss it.

II.     Timeliness of 2008 Eid-ul-Fitr Feast Complaint

I also agree with defendants that Smith's 2008 Eid-ul-Fitr feast claim is barred as untimely. A grievance properly "rejected solely on the basis of untimeliness" does not satisfy the PLRA's exhaustion requirement. *Conyers v. Abitz*, 416 F.3d 580, 584 (7th Cir. 2005). Therefore, whether Smith exhausted his administrative remedies regarding his 2008 Eid-ul-Fitr claim turns on whether his complaint was properly rejected as untimely by the complaint examiner. If the institution complaint examiner properly rejected Smith's complaint as untimely, then Smith has failed to exhaust his administrative remedies and he may not proceed on his 2008 Eid-ul-Fitr feast claim. If a prisoner disagrees with the [un]timeliness finding, it is incumbent upon him to seek review of that finding on the ground of "good cause." *State ex rel. Laurich v. Litscher*, 2004 WI App 150, ¶ 15, 275 Wis. 2d 769, 778, 686 N.W.2d 668, 672. *See also Cannon v. Washington*, 418 F.3d 714, 718-19 (7th Cir. 2005) (prisoner fails to exhaust his remedies if he does not take advantage of procedure for reconsidering untimely filings); *McCoy v. Gilbert*, 270 F.3d 503, 510-511 (7th Cir. 2001) (prisoner did not exhaust administrative remedies because he did not ask for discretionary untimeliness review under federal prison grievance system); *Velez v. Kamin*, No. 07-C-571, 2008 WL 90071 *3-7 (E.D. Wis. Jan. 2, 2008) (prisoner who never attempted to take advantage of Wisconsin's "good cause" exception to untimely filings failed to exhaust his remedies).

Smith's 2008 Eid-ul-Fitr complaint indicated that his accommodation request was denied on September 8, 2008, but ICE did not receive the complaint until October 17, 2008. Smith argues that the proper date for measuring when the 14-day time limit applies would be October 2, 2008, the date that the feast was supposed to take place. Yet Smith had notice that the feast would not take place as requested as of September 8, 2008, and Smith does not dispute that he received the rejection letter. (Dkt. 42-2, at 10.) Accordingly, I will grant defendant's motion with respect to Smith's 2008 Eid-ul-Fitr claim.

ORDER

IT IS ORDERED that Defendants' Motion to Dismiss (dkt. 39) is GRANTED in part and DENIED in part. Smith's claims related to the availability of Islamic prayer services and study groups and the 2008 Eid-ul-Fitr feast are both DISMISSED. Smith may still proceed on his claims related to (1) the 2008, 2009, 2010, and 2011 Ramadan meal bags, (2) the 2009 Eid-ul-Fitr feast, and (3) the halal diet.

IT IS FURTHER ORDERED that the remainder of the schedule is STRICKEN. The clerk of court is directed to set up a telephonic status conference at which we will re-set the schedule.

Entered this 27th day of February, 2017

BY THE COURT:

/s/

STEPHEN L. CROCKER
Magistrate Judge