IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

WALTER SMITH,

    Plaintiff,

v.

BETH LIND, et al.,

    Defendants.

OPINION AND ORDER

14-cv-796-slc

In this lawsuit, *pro se* plaintiff Walter Smith is pursuing claims related to the adequacy of Ramadan meal bags, the availability of proper foods for the Eid-ul-Fitr feast, the adequacy of the halal diet, and the availability of Islamic services and study groups. On February 28, 2017, I granted in part defendants' motion to dismiss Smith's claims on exhaustion grounds. (Dkt. 50.) In particular, I granted the motion as to Smith's claim related to the availability of Islamic services and study groups and 2008 Eid-ul-Fitr claims, but denied the motion as to the Ramadan meal bag and 2009 Eid-ul Fitr claims. Since then, defendants filed a motion for reconsideration of the decision with respect to the 2009 Eid-ul-Fitr claim (dkt. 51), and Smith filed a motion for reconsideration with respect to the Islamic services and study group claim (dkt. 52). Additionally, Smith filed a motion for appointment of an expert or, in the alternative, an extension of the expert disclosure deadline. (Dkt. 38.) For the reasons stated below, I am denying each of these motions.

I. **Federal Rule of Civil Procedure 59 Standard**

A party may file a motion for "reconsideration" under Federal Rule of Civil Procedure 59(e) to alter or amend a judgment. "Rule 59(e) allows a party to direct the district court's

1

attention to newly discovered material evidence or a manifest error of law or fact, and enables the court to correct its own errors and thus avoid unnecessary appellate procedures. . . . The rule does not provide a vehicle for a party to undo its own procedural failures, and it certainly does not allow a party to introduce new evidence or advance arguments that could and should have been presented to the district court prior to the judgment." *Moro v. Shell Oil Co.*, 91 F.3d 872, 876 (7th Cir. 1996) (citations omitted). Therefore, "[t]o prevail on a Rule 59(e) motion to amend judgment, a party must clearly establish (1) that the court committed a manifest error of law or fact, or (2) that newly discovered evidence precluded entry of judgment." *Blue v. Hartford Life & Accident Insurance Co.*, 698 F.3d 587, 598 (7th Cir. 2012) (internal quotation and citation omitted). Both pending motions for reconsideration rely on the first option, but "[a] manifest error is not demonstrated by the disappointment of the losing party. It is the wholesale disregard, misapplication, or failure to recognize controlling precedent." *Oto v. Metropolitan Life Insurance Co.*, 224 F.3d 601, 606 (7th Cir. 2000) (internal quotation and citation omitted).

## II.     Defendants' Motion for Reconsideration (Dkt. 51)

Defendants argue that I erred in concluding that the authority they relied on in their motion was not controlling. I disagree. Defendants sought dismissal of Smith's 2009 Eid-ul-Fitr claim because he failed to submit a DOC-2075 form, instead going directly through the ICRS process by filing a complaint and appeal when he was not satisfied with the response he received from the religious program director and Chaplain. (*See* WCI-2009-23171, dkt. 46-9, at 1.)

In support, defendants' relied on a decision from this district, *Schlemm v. Frank*, No. 11-cv-272-wmc, 2014 WL 2591879, at *7-9 (W.D. Wis. June 10, 2014), *aff'd in part, rev'd in part*,

784 F.3d 362 (7th Cir. 2015). In *Schlemm*, the court dismissed certain claims on exhaustion grounds, reasoning that Schlemm failed to submit a DOC-2075 with respect to those claims and thus did not permit the RPAC to review his requests. *Id.* at *9. The Court of Appeals for the Seventh Circuit affirmed without adding to the district court's analysis. *Schlemm v. Wall*, 784 F.3d 362, 363 (7th Cir. 2015).

In denying defendants' request for dismissal of the 2009 Eid-ul Fitr claim, I concluded that the *Schlemm* decision was not controlling because the record in that case is unclear. When the court initially addressed the exhaustion issue, it denied defendants' motion for summary judgment because, although the defendants had established that Schlemm had not submitted a DOC-2075 form for certain claims, it appeared that he had attempted to submit grievances through the ICRS on those claims. 2013 WL 5442293, at *2-3 (W.D. Wis. Sept. 30, 2013). As, I explained previously:

> The court nonetheless took up the exhaustion issue again, concluding that Schlemm did not properly exhaust those claims. 2014 WL 2591879, at *8-9. In reversing itself, the court emphasized that the "RPAC is not directly involved in responding to ICRS grievances," and stated that there was "no DOC-2075, ICRS grievance or other administrative response to Schlemm's request" so the claims "were not processed in compliance with procedures that were developed for the express purpose of determining how best to accommodate" his claims. *Id.* at *8. The court's mention of the absence of not just DOC-2075, but also an ICRS grievance or any "other administrative response," suggests that it was the *complete* absence of any evidence establishing that the prison responded to Schlemm's claims that convinced the court that the claims were not properly exhausted. Yet that conclusion belies defendants' concession that Schlemm had, in fact, submitted complaints through the ICRS.
>
> (*Id.* at 7-8.)

3

Finally, I turned to what I believe is the proper analysis in this circuit:

> [M]y analysis must align with the requirements set forth in *Maddox v. Love*, 655 F.3d 709, 721 (7th Cir. 2011). In that case, the defendants sought dismissal on exhaustion grounds because an inmate failed to name the defendants or describe them in a grievance. The court disagreed with the defendants, holding that because the inmate followed the applicable three-step grievance process and prison officials never indicated that it was procedurally deficient, he properly exhausted. *Id.* at 722. The court reasoned that "where prison officials address an inmate's grievance on the merits without rejecting it on procedural grounds, the grievance has served its function of alerting the state and inviting corrective action, and defendants cannot rely on the failure to exhaust defense." *Id.*

(*Id.* at 8.)

In that context, I concluded that because Smith's grievance included a substantive response from religious personnel, the prison received the opportunity to address the merits of his Eid-ul-Fitr claim.

In their motion for reconsideration, defendants have not made any attempt to explain why my reliance on the *Maddox* approach to exhaustion questions was improper. Instead, they repeat the procedural posture of the two *Schelmm* district court decisions related to exhaustion, concluding that the court's ultimate finding on exhaustion was the product of that court abandoning its "prior insistence that defendants would have to show the ICRS complaints were improper." (Dkt. 51, at 5.) Yet defendants draw this conclusion without explaining or even acknowledging the *Schlemm* court's statement that Schlemm did not exhaust because there was "no DOC-2075, ICRS grievance or other administrative response to Schlemm's request." *Schlemm*, 2014 WL 2591879, at *8-9. If defendants were to have pointed out that I misquoted

4

the district court, or that I had misconstrued the record, then they might have a point, but because they've done neither, I still don't believe that *Schlemm* is controlling here.

The district court decisions defendants cite do not suggest otherwise.  First, defendants argue that a decision from this district court, *Greybuffalo v. Litscher*, No. 15-cv-8-bbc, 2017 WL 445388, at *2 (W.D. Wis. Feb. 1, 2017), concluded, based on *Schlemm*, that the "DOC-2075 form is a necessary *additional* form of exhaustion for religious accommodation claims." (Dkt. 51, at 5.)  Yet the *Greybuffalo* court was not addressing a situation where a prisoner failed to submit a DOC-2075 but did file a proper ICRS grievance and receive a substantive response.  Rather, in *Greybuffalo*, the plaintiff filed an ICRS grievance about recognition of the Native American Church and then sought to proceed in federal court on a specific claim related to the availability of sweat lodge ceremonies.  As such, the court concluded that the "grievance did not give prison officials notice of a claim that plaintiff needed a separate sweat lodge ceremony in order to practice his religion." *Id.*

Similarly, defendants cite to *Williams v. Pollard*, No. 14-cv-148, 2016 WL 5478422, at *3 (E.D. Wis. Sept. 29, 2016), where the court held that the failure to submit a DOC-2075 form when requesting a change in policy is grounds for dismissal due to failure to exhaust. Again, because the district court did not make this finding on the facts here, involving a substantive response from the prison, I am unpersuaded by it.  Accordingly, I will not disturb my prior order relying on *Maddox* and denying their motion to dismiss Smith's 2009 Eid-ul-Fitr claim.

### III. Smith's Motion for Reconsideration (Dkt. 52)

For his part, Smith seeks reconsideration of my conclusion that he failed to exhaust his claim that the current accommodations with respect to the prohibition on inmate-led Islamic services and study groups violate his rights under the First Amendment and RLUIPA. I concluded that:

> Smith flat-out refused to follow an ICE directive to work with Hautamaki, so ICE dismissed it for his failure to follow ICRS procedures. Therefore, not only did the RPAC lose the chance to opine on this claim, so did the ICRS and *any* prison staff that are familiar with these issues and in a position to make or request a change. As such, I agree with defendants that Smith failed to exhaust this claim and will dismiss it.

(Dkt. 50, at 8-9.)

Smith has submitted two bases for reconsideration, but neither has merit.

*First,* Smith claims that the defendants' waived the exhaustion argument as to the Islamic services claim because they did not plead it as an affirmative defense or actually seek dismissal of it. To the contrary, defendants pled failure to exhaust as an affirmative defense on all of Smith's claims in their answer (dkt. 15, at 20), and they argued in their motion that Smith did not properly exhaust because he failed to file a DOC-2075 requesting to attend Islamic services (dkt. 40, at 9).

*Second*, Smith claims that an ICE prevented him from exhausting this claim. As defendants point out, however, Wis. Stat. § DOC 310.09(4) permits ICE to direct inmates to attempt to resolve an issue before accepting a complaint. Accordingly, Smith failed to follow

6

Wisconsin's grievance procedures when he refused to attempt to resolve his Islamic services grievance informally.

Smith cites to *Steiskal v. Lewitzke*, 553 Fed. Appx. 611, 616 (7th Cir. 2014), in which the court affirmed dismissal on exhaustion grounds. In *Steiskal*, the inmate's complaint was returned to him with a directive to attempt informal resolution, but the inmate gave up attempting to resolve it because the person he was told to contact no longer worked at that prison. *Id.* at 613. The court affirmed with skepticism, commenting that the reliance on Wis. Stat. § DOC 310.09(4) was shaky because that policy does not *require* ICE to return the grievance to the inmate until the inmate follows that directive. Yet the court also acknowledged that inmates must follow their prison's grievance procedures, and here Smith simply argues that he did not "wish" to contact anyone else regarding his request because he did not believe that resolving his request informally would work. But his belief that attempting to resolve the dispute informally would be futile is not a ground for sidestepping the grievance process. *Obriecht v. Raemisch*, 517 F.3d 489, 492 (7th Cir. 2008). Accordingly, Smith has not pointed to any manifest error in my decision to dismiss this claim on exhaustion grounds.

IV. **Motion for Appointment of Expert (dkt. 38)**

Finally, before I issued my previous order on the exhaustion motions, Smith filed a Motion for Appointment of Expert. (Dkt. 38.) Smith explained that he had been attempting to recruit an expert to opine on his Ramadan meal claim but had been unsuccessful. He requested that I either appoint him an expert or extend the expert deadline because he was attempting to recruit an attorney who might be more successful in securing an expert on that

issue.  As I previously entered an Amended Scheduling Order extending the Smith's expert witness disclosure deadline to August 4, 2017, I will deny this motion without prejudice as moot.  Should Smith be unsuccessful in his continued efforts to secure an expert by the August 4 deadline, then he may renew his motion at that point.

ORDER

IT IS ORDERED that Defendants' Motion for Reconsideration (dkt. 51), plaintiff Walter Smith's Motion for Reconsideration (dkt. 52), and plaintiff's Motion for Appointment of Expert (dkt. 38) are DENIED.

Entered this 9th day of June, 2017.

BY THE COURT:

/s/

STEPHEN L. CROCKER
Magistrate Judge