IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

WALTER SMITH,

        Plaintiff,

      v.

BETH LIND, et al.,

        Defendants.

OPINION AND ORDER

14-cv-796-slc

In this lawsuit, *pro se* plaintiff Walter Smith is pursuing claims related to the adequacy of Ramadan meal bags in 2008, 2009, 2010, and 2011; the availability of proper foods for the 2009 Eid-ul-Fitr feast; and the adequacy of the halal diet. On September 12, 2017, I stayed this lawsuit pending recruitment of counsel. (Dkt. 69.) However, on October 2, 2017, Smith filed a motion in which he seeks an order deeming severed a claim that the court denied him leave to proceed upon. (Dkt. 70.) In essence, Smith is asking me to reconsider the March 25, 2016, leave to proceed order, so I will construe it as one. For the reasons that follow briefly, I'm granting the motion and will sever Smith's contaminated water claim outlined in paragraphs 122 to 135 of his original complaint.

A party may file a motion for "reconsideration" under Federal Rule of Civil Procedure 59(e) to alter or amend a judgment. "To prevail on a Rule 59(e) motion to amend judgment, a party must clearly establish (1) that the court committed a manifest error of law or fact, or (2) that newly discovered evidence precluded entry of judgment." *Blue v. Hartford Life & Accident Ins. Co.*, 698 F.3d 587, 598 (7th Cir. 2012) (internal quotation and citation omitted). Rule 60(b) allows for relief from a final judgment or order for "mistake, inadvertence, surprise, or excusable neglect."

While Smith neither cites the rules nor explains why he delayed filing this motion for so long, because the leave to proceed order was not a final judgment, neither Rule 59 or 60 prevent the court  from considering his motion. Smith accurately points out that I denied him leave to proceed on a claim related to water contamination because those allegations were unrelated to his religious practices claims, and that I directed him to file a separate lawsuit related to that claim. (*See* Order, dkt. 12, at 11 n.4.) As his argument goes, if his water contamination claim had been severed, then the statute of limitations would be tolled between when he first filed this lawsuit, October 2, 2014, and when I denied him leave to proceed on his water contamination claim, March 25, 2016. Accordingly, Smith believes that if I deem the March 25, 2016, denial of his leave to proceed as severed rather than dismissed without prejudice, then his water contamination claim is not time-barred and it appears he would like to pursue this claim.

Generally, if a district court finds that a plaintiff has mis-joined parties, then the court should sever those parties or claims, "allowing those grievances to continue in spin-off actions, rather than dismiss them." *Wilson v. Bruce*, 400 F. App'x 106, 108 (7th Cir. 2010). Severance, rather than dismissal, "preserves rights that depend on the date that the complaint was filed, such as defenses to applicable statutes of limitation." *Id.* (citing *Elmore v. Henderson*, 227 F.3d 1009, 1012 (7th Cir. 2000)). In *Elmore* the Seventh Circuit explained that because Federal Rule of Civil Procedure 21 expressly permits judges to sever a misjoined party's claim rather than dismiss it,"the district court is duty-bound to prevent [adverse statute of limitations] consequences by severing rather than dismissing claims." *Id.*

This court typically follows that path. Specifically, when this court concludes that a complaint violates Rule 20, the court issues a show cause order that directs the plaintiff to either (1) file an amended complaint that comports with Rule 20 or (2) notify the court which lawsuit

outlined in the complaint he would like to proceed upon under that case number. The reason for this type of order is straightforward: the court lets the plaintiff choose whether he would like pursue a separate lawsuit, thus subjecting himself to a new filing fee and, in Smith's context, the PLRA's screening requirement, 28 U.S.C. § 1915(e)(2). This process fulfills the court's obligation to ensure compliance with Rule 20 in a manner that avoids "gratuitous harm to the parties." *Elmore*, 227 F.3d at 2012.

Here, however, I did not give Smith that choice at screening. Instead, because Smith's lengthy complaint focused primarily on his religious practices claims, I informed him that he could not proceed on his unrelated water contamination allegations and directed him to file a separate lawsuit about it. However, in these circumstances, where the timeliness of Smith's claims was a legitimate concern when he filed his complaint in 2014, dismissal rather than severance did not resolve his misjoinder issue "on just terms" as required by Rule 21. *See Granger v. Rauch*, 388 F. App'x 537, 541 (7th Cir. 2010) (finding that district court erred in dismissing rather than severing a claim that was dismissed as untimely in a subsequent lawsuit). The bottom line is that I will grant the motion and order Smith's contaminated water claim severed from this lawsuit.

In severing this claim, I will direct the clerk of court to open a new lawsuit limited to that claim. Smith does not need to file a separate complaint: his complaint in his new lawsuit will be limited to paragraphs 122-125 of his original complaint. (*See* Compl., dkt. 1, at 18-19.) As Smith will be initiating a new lawsuit, the clerk of court will direct Smith to either remit a new filing fee or request leave to proceed *in forma pauperis*. Finally, as Smith is incarcerated, he will be subject to PLRA's screening requirement, 28 U.S.C. § 1915A. If these are undesired

consequences of Smith's motion, he is free to file a motion for voluntary dismissal or simply do nothing, in which case the clerk of court will close the case and he will not owe a filing fee.

One final note: although I am granting Smith's current motion, I am doing so without taking a position on whether a "newly filed" lawsuit on water contamination is timely, even if the court assumes that Smith's "new" complaint is deemed to have been filed on November 19, 2014, when he filed the lawsuit in *this* case. Invoking the statute of limitations is an affirmative defense that can be waived and can be fact-specific. If Smith decides to pursue his lawsuit related to his now-severed water contamination claim from 2008 and 2009, then that issue will have to be resolved in that lawsuit.

ORDER

IT IS ORDERED that:

1.  Plaintiff Walter Smith's motion to order misjoined claims severed (dkt. 70) is GRANTED.

2.  Plaintiff's contaminated water claim set forth in paragraphs 122-135 of his original complaint (dkt. 1 at 18-19) is SEVERED from this lawsuit.

3.  The clerk of court is DIRECTED to open a new lawsuit based on paragraphs 122-135 of plaintiff's original complaint.

Entered this 16th day of March, 2018.

BY THE COURT:

/s/

STEPHEN L. CROCKER
Magistrate Judge

4